IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

PARIS HEARD,

    Plaintiff,

v.                                                                          No. CIV 16-487 JP/SCY

MICHAEL LOUGHNEY and
NEW PRIME, INC. d/b/a PRIME, INC.,

    Defendants.

**MEMORANDUM OPINION AND ORDER**

    Defendant New Prime, Inc. d/b/a Prime, Inc. (Defendant Prime) moves to dismiss a number of Plaintiff Paris Heard's claims under Rule 12(b)(6) of the Federal Rules of Civil Procedure and/or because Plaintiff has not complied with federal pleading standards as set forth in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) and in *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM AND SUPPORTING MEMORANDUM BRIEF (Doc. No. 6) (Motion). Plaintiff argues that the Motion should be denied because he has satisfied Rule 8(a) pleading requirements as well as the *Twombly* and *Iqbal* pleading standards. PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS'[1] [sic] MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM (Doc. No. 13) (Response). In the alternative, Plaintiff asks the Court to allow limited discovery, after which Plaintiff would be permitted to file an amended complaint. Response at 1. Defendant Prime contends, in part, that Plaintiff has failed to supply the required factual allegations as to

---

[1] The Motion to Dismiss is filed only by Defendant Prime. Defendant Michael Loughney has not entered an appearance and had not been served with Plaintiff's Complaint as of May 2016. Attorney Aff. ¶ 12 (Doc. No. 1–3).

1

most of the claims against Defendant Prime and that there is no legal basis to allow limited discovery. REPLY IN SUPPORT OF MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM (Doc. No. 16) (Reply).

**Background**

On April 15, 2016, Plaintiff filed a COMPLAINT FOR DAMAGES in New Mexico State District Court against Defendant Prime and Defendant Michael Loughney. Complaint (Doc. No. 1–1). Defendant Prime removed the lawsuit to federal district court based on diversity jurisdiction. Notice of Removal (Doc. No. 1).The Complaint arises from allegations that Plaintiff suffered injuries and medical expenses exceeding $600,000 after a motor vehicle accident on May 31, 2014, that took place at a "Flying J" travel center parking lot in Tucumcari, New Mexico. Complaint ¶¶ 4, 6, 10; Notice of Removal ¶ 11.

The motor vehicle accident occurred when Defendant Loughney, operating a "Freightliner tractor and trailer" owned by Defendant Prime, was turning southbound and struck a vehicle driven by Plaintiff. Complaint ¶¶ 8, 9. At the time of the accident Plaintiff was "stopped north-bound along the curb in the Flying J" parking lot. *Id.* ¶ 6. Plaintiff alleges that Defendant Loughney carelessly made the turn and collided with Plaintiff's vehicle. *Id.* ¶ 8. Defendant Prime characterizes the collision as a "low speed automobile accident," that gave rise to this "simple motor vehicle negligence action." Motion at 1, 2.

Plaintiff brings negligence and negligence per se claims against Defendants Prime and Loughney and claims of negligent hiring, supervision, training, and retention against Defendant Prime.[2] In support of the negligence per se claim, Plaintiff alleges that Defendant Prime and

---

[2] Presumably, Plaintiff's claim of negligent hiring, supervision, training, and retention "by Swift Transportation," Complaint at p. 8, is a typographical error.

Defendant Loughney "may have violated" as many as 16 separate Federal Motor Carrier Safety Regulations (FMCSRs) and as many as 12 New Mexico Statutes. Complaint at pp. 4–6.

Defendant Prime asks the Court to dismiss the negligence per se claim against it in relation to alleged violations of "various statutes, regulations, codes, and ordinances" and to dismiss the claims against it of negligent hiring, training, supervision, and retention. Motion at 1. Defendant Prime clarifies that it does not challenge "Plaintiff's causes of action for negligent operation [of a] motor vehicle [] against Defendant Loughney or Vicarious Liability Against Defendant Prime." Motion at 2 n.1. Although Defendant Prime does not concede liability, it acknowledges that Plaintiff has alleged sufficient facts to support these claims. *Id.*

## Legal Standard

Upon a Rule 12(b)(6) request to dismiss for failure to state a claim upon which relief can be granted, the Court tests the legal sufficiency of a party's claim for relief. "[I]f, viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the non-moving party, the complaint does not contain 'enough facts to state a claim to relief that is plausible on its face,'" dismissal is proper. *MacArthur v. San Juan Cnty.*, 497 F.3d 1057, 1064 (10th Cir. 2007) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)), *cert. denied*, 552 U.S. 1181 (2008). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A plaintiff's factual allegations against a defendant "must be enough to raise a right to relief above the speculative level." *See Christy Sports, LLC v. Deer Valley Resort Co.*, 555 F.3d 1188, 1191 (10th Cir. 2009) (citation omitted). Stated differently, a plaintiff must provide sufficient allegations to "nudge[ ] [his] claims across the line from conceivable to plausible."

*Twombly*, 550 U.S. at 570. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

In contrast, Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). But, the federal pleading duty is not trivial. Rule 8 pleading requirements "do[] not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 678–79. In deciding a Rule 12(b)(6) motion, a court disregards conclusory statements of law and considers if the remaining factual allegations plausibly suggest the defendant is liable. *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011).

In sum, the Tenth Circuit Court of Appeals has concluded that the *Twombly/Iqbal* standard is "a middle ground between heightened fact pleading, which is expressly rejected, and allowing complaints that are no more than labels and conclusions or a formulaic recitation of the elements of a cause of action, which the Court stated will not do." *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012) (citation omitted). Determining whether a complaint states a plausible claim for relief "is context specific, requiring the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679 (citation omitted).

## Discussion

I. <u>Negligence Per Se Claim</u>

In support of the negligence per se claim, Plaintiff identifies numerous FMCSRs and New Mexico Statutes that "may have been violated" by Defendant Prime or by Defendant Loughney. Complaint ¶¶ 20–22. Plaintiff alleges that he was injured as a "direct and proximate result of violations of the statutes, rules[,] and regulations by defendants." *Id.* ¶ 26.

The Court has reviewed the regulations that Plaintiff alleges may have been violated by Defendant Prime. For example, FMCSR § 383.35 (49 C.F.R. § 383.35) ("Notification of previous employment") requires an employer to request specific employment history information from a driver applicant. Plaintiff does not allege that Defendant Prime specifically violated any requirements concerning Defendant Loughney's employment history. *See also* FMCSR § 391.23 (49 C.F.R. § 391.23) (setting out a motor carrier's responsibilities to make certain investigations and inquiries regarding a driver's license and safety performance history).

Regulation 391.11 (49 C.F.R. § 391.11) pertains to the general qualification of drivers and requires that a driver be at least 21 years old, be able to read and speak the English language, be able to safely operate a commercial motor vehicle, and have a currently valid commercial motor vehicle operator's license. Plaintiff does not allege that Defendant Prime did not satisfy the requirements of FMCSR § 391.11. Similarly, Plaintiff does not contend that Defendant Prime failed to obtain and maintain the required contents of a "driver qualification file" in violation of FMCSR § 391.51 (49 C.F.R. § 391.51).

Regulation 391.13 (49 C.F.R. § 391.13) states that a motor carrier cannot require or permit a driver to operate a commercial motor vehicle unless the driver has the experience, training, or both, to determine whether the cargo being transported has been properly located, distributed, and secured. Plaintiff does not make any allegations concerning the cargo being transported on the day of the accident.

Regulation 391.25 (49 C.F.R. § 391.25) requires a motor carrier to obtain the motor vehicle record of a driver every 12 months and to undertake a review of a driver's driving record on an annual basis. Plaintiff does not allege that Defendant Prime failed to obtain or to review Defendant Loughney's motor vehicle record as required. Similarly, Plaintiff does not allege that

Defendant Prime failed to require Defendant Loughney "to prepare and furnish" a list of all driving violations during a 12 month period in violation of FMCSR § 391.27 (49 C.F.R. § 391.27).

Plaintiff also alleges possible violations of regulations pertaining to a motor carrier's obligations to conduct driver road testing, to regulate a driver's hours of operation, and to use specific methods to record a driver's "duty status." *See* FMCSR §§ 391.31, 395.3, and 395.8 (49 C.F.R. §§ 391.31, 395.3, and 395.8). However, again, Plaintiff makes no specific allegations that Defendant Prime failed to satisfy the requirements of these regulations.[3]

The parties agree that to state a claim of negligence per se, a plaintiff must allege four elements: 1) a statute that prescribes certain actions or that defines a standard of conduct; 2) a violation of the statute; 3) a statute that protects a class of persons, including the plaintiff; and 4) some harm or injury to the plaintiff that must generally be of the type the legislature, through the statute, sought to prevent. *Archibeque v. Homrich*, 1975-NMSC-066, 88 N.M. 527, 532.

Defendant Prime argues that Plaintiff does not explain how the identified regulations were violated and does not allege that there were actual violations. Motion at 5. Rather, Plaintiff surmises only that the regulations *may have been violated*. In addition, Defendant Prime asserts that Plaintiff does not describe how any of the possible violations caused Plaintiff's injuries. A plaintiff still must prove causation in a negligence per se action. *See id.* ("Once negligence per se is found, the fact finders would still have to determine whether the negligence per se was the actual and proximate cause of the accident.") (citations omitted); *Fitzgerald v. Valdez*, 1967-

---

[3] It appears that Plaintiff's litany of possible regulatory and statutory violations by Defendant Loughney suffers from the same problems. *See* Complaint ¶¶ 21 and 22 (alleging that Defendant Loughney may have violated FMCSRs and New Mexico statutes without any reference to the contents of the regulations or statutes). However, the Court addresses only the claims against Defendant Prime.

NMSC-088, 77 N.M. 769, 774-75 ("The question of causation exists when the negligence is negligence per se.") (citations omitted).

Plaintiff states that he has set forth the four required elements of a negligence per se claim and that he "explained factually" how the statutes were violated in paragraphs 1–10 of the Complaint. Response at 3. In addition, Plaintiff argues that he has satisfied Rule 8's dictates by supplying a short and plain statement of the negligence per se claim and that the allegations are sufficient to place Defendant Prime on notice of the claim. Thus, according to Plaintiff, the negligence per se claim is plausible and complies with federal pleading requirements. *Id.*

The Court disagrees. Many of the identified FMCSRs contain a half dozen or more requirements that Defendant Prime, as the motor carrier, must satisfy. *See, e.g.,* FMCSR §§ 391.23, 383.35, 391.11, and 391.25. The Complaint gives Defendant Prime no notice as to how its conduct supposedly violated the specific regulations. For example, Plaintiff does not allege that Defendant failed to conduct an annual inquiry into Defendant Loughney's driving record or that it did not obtain the reasons Defendant Loughney's previous employment may have been terminated. Nor does Plaintiff allege that at the time of the accident, Defendant Loughney was under the age of 21, was unable to speak or read English, or did not hold a motor vehicle operator's license for the required period. Although Plaintiff supports the claims with paragraphs 1–10 of the Complaint, those paragraphs do not speak to any of the identified regulations. Rather, paragraphs 1–10 of the Complaint address the identities of the parties, the location and date of the accident, and the ownership of the tractor and trailer in question.

Also problematic is Plaintiff's conclusory allegation of causation. Plaintiff alleges that his injuries and damages were a "proximate and foreseeable result of the wrongful actions by Defendants Prime and Loughney." *Id.* ¶ 10. Similarly, he contends that he suffered injuries and

7

damages "as a direct and proximate result of violations of … regulations by defendants …." *Id.* ¶ 26. But, nowhere does Plaintiff allege, for example, that Defendant Prime's failure to keep driver records or its failure to ensure that Defendant Loughney had a driver's license caused the injuries and damages. Even if Plaintiff had sufficiently alleged a violation of an identified regulation, a violation itself is not conclusive of causation. *See Pedroza v. Lomas Auto Mall, Inc.*, 600 F. Supp. 2d 1200, 1208 (D.N.M. 2009) (applying New Mexico law on summary judgment motion).

Plaintiff's failure to allege how Defendant Prime violated the specified regulations and his failure to identify the conduct of Defendant Prime that caused the injuries prevent the Court from drawing a reasonable inference that Defendant Prime is liable for the misconduct alleged. In other words, even accepting Plaintiff's allegations as true, the factual allegations in support of the negligence per se claim against Defendant Prime are not "enough to raise a right to relief above the speculative level." Plaintiff's "threadbare recitals" of the alleged violations by Defendant and of causation are conclusory and do not suffice. Moreover, Plaintiff's assertion that he needs discovery before he will be able to "plead intricate facts" to support his claims, Response at 4, suggests that the negligence per se claim against Defendant Prime is the kind of fishing expedition that the Supreme Court's plausibility standard seeks to prevent.[4] *See Nickell v. Bank of Am., N.A.*, No. 11-2006-STA-DKV, 2012 WL 394467, at *11 (W.D. Tenn. Feb. 6, 2012) (noting that the plaintiff's assertion of the potential availability of additional information during discovery indicated that their claim was the sort of fishing expedition that the Supreme Court's plausibility standard was intended to prevent).

---

[4] Presumably, during a pre-filing investigation, Plaintiff could have obtained an accident report, DOT investigation report, or witness statements in order to determine the relevant facts.

In exercising its judicial experience and common sense, the Court concludes that Plaintiff's negligence per se claim against Defendant Prime is not plausible and fails to state a claim. Therefore, the Court will dismiss the negligence per se claim, without prejudice, as to Defendant Prime.

II.     Negligent Hiring, Supervision, Training, and Retention Claim

In support of the negligent hiring, supervision, training, and retention claim, Plaintiff alleges that Defendant Prime breached its duty of reasonable care and "acted negligently and carelessly in the hiring, supervising and training of Defendant Loughney for the duties which Defendant Prime could foresee …." Complaint ¶ 42. Plaintiff claims that "[a]s a direct and proximate result of Defendant Prime's negligence," Plaintiff suffered injuries. *Id.* ¶ 43. Other than conclusory allegations, there are no specifics as to how Defendant Prime purportedly engaged in deficient hiring, supervision, training, or retention practices, or how Defendant Prime's alleged failures caused the accident.

A plaintiff must offer more than an "unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citation omitted). While the plaintiff need not specify precisely how a defendant's conduct was deficient, Plaintiff's threadbare conclusions do not reasonably give rise to a plausible inference that Defendant Prime failed to properly hire, supervise, or train Defendant Loughney. In other words, because the Court is unable to draw a reasonable inference that Defendant Prime is liable for negligently hiring, supervising, training, or retaining Defendant Loughney, the Court concludes that Plaintiff's unsubstantiated allegations fail to state a claim that is plausible on its face. *See, e.g., Baker v. Thomson*, No. 11-CV-02219-LTB-CBS, 2011 WL 5221273, at *2 (D. Colo. Nov. 2, 2011) (concluding that a similar unsupported negligent hiring and supervision claim could not withstand dismissal).

9

Moreover, the Court rejects Plaintiff's request to allow limited discovery in the hopes that he can properly support the claim. Plaintiff provides no legal basis to support a request for limited discovery at this stage in the proceeding, and it is improper to use the discovery process as a fishing expedition. *See Rogers v. Hartford Life and Acc. Ins. Co.*, Civ. Action No. 12-19-WS-B, 2012 WL 887482, at *6 (S.D. Ala. Mar. 15, 2012) (rejecting the plaintiff's "wing and a prayer" approach to bringing a tort claim against the defendant in the hopes of someday discovering facts that might support it), *reconsideration denied,* 2012 WL 2395194 (S.D. Ala. June 22, 2012).

The Court will, therefore, dismiss without prejudice Plaintiff's claim of negligent hiring, supervising, training, and retention against Defendant Prime.

IT IS THEREFORE ORDERED that Defendant New Prime, Inc. d/b/a Prime, Inc.'s MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM AND SUPPORTING MEMORANDUM BRIEF (Doc. No. 6) is GRANTED, with the results that:

1) Plaintiff's Negligence Per Se claim against Defendant Prime, based on alleged violations of Federal Motor Carrier Safety Regulations, Complaint ¶¶ 12–20, will be dismissed without prejudice; and

2) Plaintiff's Negligent Hiring, Supervision, Training, and Retention claim against Defendant Prime, Complaint ¶¶ 39–43, will be dismissed without prejudice.

_____
SENIOR UNITED STATES DISTRICT JUDGE